```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA

                       AT CHARLESTON


ALPHONSO HARPER,

          Movant,

v.                              Civil Action No. 2:12-04059
                                 (Criminal No. 2:09-00179)

UNITED STATES OF AMERICA,

          Respondent.
```

## MEMORANDUM OPINION AND ORDER

Pending is the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, filed August 6, 2012.

This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to the court of his Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636.

On August 5, 2009, the United States filed an indictment charging the movant in three counts, respectively, as follows: (1) Count One, distributing 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1); (2) Count Two, aiding and abetting the distribution of 5 grams or more of

cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and (3) Count Three, aiding and abetting the distribution of 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

On December 2, 2009, movant entered into a written plea agreement to Count Three.  The Judgment imposed a custodial sentence of 121 months followed by a three-year term of supervised release.  The movant's appeal of the Judgment was unsuccessful.  <u>United States v. Harper</u>, 442 Fed. Appx. 857 (4th Cir. 2011).  Movant did not file a petition for a writ of certiorari.

On July 22, 2015, the magistrate judge entered his PF&R recommending that the section 2255 motion be denied.  On August 3, 2015, movant objected.  In his objections, movant first asserts that his constitutional rights were violated based upon an element allegedly missing from the indictment.  He appears to contend the indictment was vague and that he was unjustly sentenced to the "harshest penalty phase without drug type of penalty phase charged being proven or returned by <u>Grand Jury Indictment</u>."  (Objecs. at 2).  Movant is incorrect.  A specific quantity of 5 grams of cocaine base was set forth in Count Three, as reflected in both the indictment and the plea agreement.  There is no flaw in the charging instrument, and the

movant entered a knowing and voluntary plea of guilty to the charge contained in Count Thee.  The objection is not meritorious.

Second, movant asserts that he should not have been sentenced based upon any quantity in excess of that contained in the stipulation of facts accompanying the plea agreement, namely, 7.27 grams.  The court, however, properly attributed further drug quantities to the movant pursuant to the United States Sentencing Guidelines.  The court of appeals affirmed that attribution.  The objection is not meritorious.

Third, movant asserts that his counsel failed to provide the court exculpatory evidence related to the misconduct attributed to him while he was incarcerated.  The court of appeals summarized the matter as follows:

> [T]he district court heard multiple witnesses testify about Harper's involvement in assaulting fellow inmates while awaiting sentencing. A wheelchair-bound diabetic, Kerney Thornsbury, and a West Virginia state trooper testified that Harper served as the ringleader and lookout as two other inmates assaulted Thornsbury and took his commissary items. The district judge also heard testimony from three other inmates detailing incidents in which Harper had assaulted them. As a result, the district court found that Harper had not terminated his criminal conduct and was not deserving of a downward adjustment for acceptance of responsibility. We agree.

Harper, 442 Fed. Appx. at 860, 2011 WL 3585065, at *2.  Movant contends that his counsel failed to call a nurse at the facility

3

who filled out a report stating that one victim denied he was sexually assaulted. The referenced report notes that denial, but the report also clearly reflects the victim's complaint that he was assaulted, with a listing of the accompanying physical injuries. The movant's objection is thus immaterial and not meritorious.

Having considered the aforementioned objections and the additional objections offered by movant, it is apparent that the magistrate judge has arrived at the correct recommendation. Based upon a *de novo* review, and having found the objections without merit, the court adopts and incorporates herein the magistrate judge's PF&R. The court, accordingly, ORDERS that this action be, and it hereby is, dismissed.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

DATED: August 12, 2015

_____
John T. Copenhaver, Jr.
United States District Judge